# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | |
|---|---|
| JACK DEMPSEY and §<br>SHERRI DEMPSEY § <br>§<br>v. §<br>§<br>US BANK NATIONAL, as Trustee of CREDIT §<br>SUISSE FIRST BOSTON MBS HEAT 2004-1 §<br>and WELLS FARGO BANK, N.A. § | Case No. 4:10cv679<br>(Judge Mazzant) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association, as Trustee for Credit Suisse First Boston MBS Heat 2004-1's ("U.S. Bank") First Amended Motion for Summary Judgment (Dkt. #76). Having considered the relevant pleadings, the Court finds that the motion should be granted.

### Background

This is a dispute over an attempted foreclosure on certain real property located at 12404 Cajun Drive, Frisco, Collin County, Texas 75035 (the "Property"). On or about December 19, 2003, Plaintiffs Jack Dempsey and Sherri Dempsey executed a Note (the "Note") payable to Aames Funding Corporation d/b/a Aames Home Loan, ("Aames") in the principal amount of $134,400.00, together with interest at the rate of 8.250% per year until the full amount of principal had been paid. To secure payment of the Note, a Deed of Trust ("Deed of Trust") was concurrently executed by the Plaintiffs.

On December 29, 2003 Aames executed an Assignment of the Note in blank. On January 28, 2004, Credit Suisse First Boston Financial Corporation purchased the Note assigned in blank from Aames. On February 1, 2004, the Note was securitized, and U.S. Bank National, as Trustee

for Credit Suisse First Boston MBS Heat 2004-1, acquired the Note assigned in blank.  U.S. Bank is in possession of original, wet ink Note, is the current owner and holder of the Note and Deed of Trust, and has been the owner and holder of the Note and Deed of Trust since February 2004.  The servicing rights were assigned to Wells Fargo effective March 1, 2004.

In April 2004, Plaintiffs fell behind in making payments on the Note.  On or about July 19, 2009, Wells Fargo notified Plaintiffs that they were in default pursuant to the Note and terms of the Deed of Trust.  To cure the default, Plaintiffs were required to pay $4,529.76 by August 18, 2009.  Plaintiffs did not make the payment. On or about September 11, 2009, an Appointment of Substitute Trustee was executed, and on or about September 16, 2009, it was filed in the public records of Collin County under instrument number 20090916001155110 authorizing the Substitute Trustee to proceed with any foreclosure sale related to the Property.  The last payment on the Note was made in the amount of $1,307.93 on May 13, 2010, which was due for the November 2009 payment.  The Note is in default and Plaintiffs have not cured the default.

On or about August 4, 2010, Wells Fargo's foreclosure counsel, Brice Vander Linden & Wernick, P.C. ("Brice Vander") mailed Plaintiffs letters notifying them that the Note was in default and the amount to cure the default or pay off the debt.  To cure the default, the Plaintiffs were required to pay $10,613.91, and the total amount to pay off the debt was $141,551.80.

On November 15, 2010, Wells Fargo, as servicer of the Note, through its foreclosure counsel, Brice Vander, notified Plaintiffs that they were in default pursuant to the Note and Deed of Trust and that Wells Fargo accelerated the Note, and notified Plaintiffs of its intent to foreclose on the Property on December 7, 2010.  On November 29, 2010, Plaintiffs filed their Application for Temporary

Restraining Order and Temporary and Permanent Injunction in the 219th District Court of Collin County, Texas, in an attempt to prevent the pending foreclosure sale.

On December 7, 2011, Defendants filed this first amended motion for summary judgment (Dkt. #76). On May 10, 2012, Plaintiffs filed a response (Dkt. #118). On May 17, 2012, Defendants filed a reply (Dkt. #120) and response to Plaintiffs' objections to the summary judgment evidence (Dkt. #119).

## Summary Judgment Standard

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of

the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

**Analysis**

Defendant moves for summary judgment on the following grounds: (1) Plaintiffs' claim for money had and received fails as a matter of law because, there is no evidence to support any element of the claim and a written contract exists between the parties; (2) Plaintiffs' claims for common law fraud and fraud by non-disclosure fail as a matter of law because there is no evidence to support any element of the claims; (3) Plaintiffs' claim for intentional infliction of emotional distress fails as a matter of law because there is no evidence to support any element of the claim; (4) Plaintiffs' claim for defamation fails as a matter of law because there is no evidence to support any element of the claim; (5) Plaintiffs' claim under the Texas Fair Debt Collection Practices Act ("TDCA") fails as a matter of law because foreclosure is not debt collection for purposes of the Act, and Wells Fargo did not violate the Act; (6) Plaintiffs' claim for fraudulent lien or claim against real property fails as a matter of law because no lien has been filed; (7) Plaintiffs' claims under Making Home Affordable ("MHA"") program, Home Affordable Modification Program ("HAMP"), and Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"") fail as a matter of law because there is no private cause of action available to Plaintiffs; (8) Plaintiffs are not entitled to the

declaratory relief requested because Plaintiffs are in default under the terms of the Note and Deed of Trust and have failed to cure; (9) Plaintiffs are not entitled to a permanent injunction; (10) Plaintiffs are not entitled to the actual and exemplary damages; and (11) Plaintiffs are not entitled to the recovery of attorneys' fees.

Defendants also assert that summary judgment is proper on Defendants' claims for the following reasons: (1) Plaintiffs have defaulted on the Note and failed to cure, in breach of the Note and Deed of Trust; and (2) Defendants are entitled to attorneys fees' pursuant to the Note, the Deed of Trust, and Sections 37.009 and 38.001 of the Texas Civil Practices & Remedies Code.

Plaintiffs assert that the motion for summary judgment is not ripe for consideration due to Plaintiffs' need to conduct additional discovery. The Court rejects this argument and finds that Plaintiffs have had ample time to conduct discovery.

**Plaintiffs' Motion to Strike Affidavit of Jennifer Robinson**

Plaintiffs object to the affidavit of Jennifer Robinson ("Robinson") because they assert she has failed to demonstrate personal knowledge of the loan. Plaintiffs contend that only the preparers and signers of the documents themselves can have personal knowledge of the documents. Plaintiffs assert that because Robinson has no knowledge of the individual responsible for scanning the notes, the supervisor of the documents, or whether the documents were scanned correctly, Robinson has no personal knowledge of the documents.

Federal Rule of Civil Procedure 56(c)(4) requires an affidavit to be made on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." However, personal knowledge may also be inferred

from the affiant's position with the company. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). A custodian of records is competent to testify from the business records as a corporate representative. *See* Fed. R. Civ. P. 803(6); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000). Robinson is the Vice President of Loan Documentation for Wells Fargo Bank, N.A. (Dkt. #76-1, ¶ 2). Further, she is a custodian of records, and testifies that the records are kept by Wells Fargo in the regular course of its business. *Id.*, ¶ 3. Plaintiffs argue that this statement is "false and constitutes a sanctionable lie," since Wells Fargo is not a party to the documents executed in exhibits 1 through 6 (Dkt. #118). However, it does appear that these documents are related to the assignment of the loan, and are, in fact, kept by Wells Fargo in the regular course of its business.

Plaintiffs also object to Robinson's affidavit on the basis that Robinson did not compare the original documents to the copies. This is not a requirement for proper authentication of documents in a business records affidavit. As a result of her review of the records in this case, it can be reasonably inferred that Robinson has personal knowledge of the facts applicable to Plaintiffs' loan. Robinson is the Vice President of Loan Documentation for Wells Fargo Bank, N.A. It is clear that Robinson reviewed the records as a custodian of records and in her capacity at Wells Fargo. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 544 n.13 (5th Cir. 2002). Further, the Court finds that none of the statements contained in Robinson's affidavit constitute inadmissible hearsay. Therefore, Plaintiffs' objections to the affidavit of Jennifer Robinson are overruled, and Plaintiffs' motion to strike is denied.

**U.S. Bank is the owner and holder of the Note and is entitled to enforce the Note**

The question is whether U.S. Bank owns the Note. If the answer to this question is "yes,"

Plaintiffs lose. Plaintiffs are obligated to pay someone, and the only question in this case is whether the proper entity is U.S. Bank or Wells Fargo as the servicer of the loan. After reviewing the admissible summary judgment evidence, the Court finds that there are not material fact issues that the Court can resolve at trial. Therefore, the amended motion is granted.

The "holder" of a negotiable mortgage note is "the person in possession of [the mortgage note] that is payable either to bearer or to an identified person that is the person in possession." Tex. Bus. & Com. Code § 1.201(b)(21). A person may become the holder either at issuance or by negotiation. *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App.--Houston [1st Dist.], 2004, no pet.). A "negotiation" is a transfer of possession "of an instrument by a person other than the issuer to a person who thereby becomes its holder." Tex. Bus. & Com. Code § 3.201(a). In general, a negotiation requires the transfer of possession of the instrument and its indorsement by the holder. "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." Tex. Bus. & Com. Code § 3.201(b).

Defendants assert that because U.S. Bank is in possession of the original Note, which is indorsed in blank, U.S. Bank is the holder of the instrument and entitled to enforce the instrument; therefore, Plaintiff is obligated to pay the Note to U.S. Bank.

The Court agrees that the summary judgment evidence establishes that U.S. Bank holds the Note, and Plaintiffs' argument that Defendants are not entitled to enforce the Note and/or the Deed of Trust fails.

Moreover, the summary judgment evidence establishes that Wells Fargo became the servicer of the Note on March 1, 2004. Under the Texas Business and Commerce Code, Wells Fargo, as the

servicer of the Note, is/was entitled to enforce the Note and conduct a foreclosure sale. Tex. Prop. Code § 51.0025. Therefore, by virtue of the Note and applicable law, Defendants had authority to enforce the Note and the Deed of Trust with the power of sale.

In addition, Plaintiffs' argument that the assignment of the Deed of Trust is invalid also fails as a matter of law. When a mortgage note is transferred, the mortgage is also automatically transferred to the mortgage note transferee pursuant to the general common law rule that "the mortgage follows the note." *J.W.D., Inc. v. Federal Ins. Co.*, 806 S.W.2d 327, 329-30 (Tex. App.–Austin 1991, no writ). The rule that "the mortgage follows the note" has been codified in the Texas Business and Commerce Code. As stated in the official comments to Texas Business and Commerce Code § 9.203(g), the section "codifies the common-law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien." Tex. Bus. & Com. Code § 9.203, cmt. 9. Texas courts have affirmed and applied the "mortgage follows the note" rule in cases where the mortgage assignment was not recorded by the transferee and even where there was no actual separate written assignment of the mortgage. *Kirby Lumber Corp. v. Williams*, 230 F.2d 330, 333 (5th Cir. 1956); *J.W.D., Inc.*, 806 S.W.2d at 329-30.

The summary judgment evidence conclusively establishes that U.S. Bank was the holder of the Note when it attempted to foreclose on the Property. Moreover, when the Note was transferred to U.S. Bank, the Deed of Trust followed the Note as a matter of law. There is no evidence or

authority to support Plaintiffs' contention that the assignment of the Deed of Trust was invalid.[1]

Defendants also assert that Plaintiffs lack standing to challenge the assignment because Plaintiffs do not allege they are parties to the assignment that is being contested. The Court agrees that Plaintiffs lack standing to contest any assignment. Recently, a court addressed this issue and found as follows:

> Plaintiff has no standing to contest the various assignments as she was not a party to the assignments. Even if she has standing, her allegations are without merit because MERS was given the authority to transfer the documents in the Deed of Trust. The Restatement (3d) of Property offers no support for Plaintiff's claims. As MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage. See Comment e to the Restatement (3d) of Property (Mortgages) § 5.4. Section 5.4 additionally notes that a "transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise." Plaintiff makes no allegations that the parties in this case agreed otherwise. Finally, while the Note may not specifically mention MERS, the Note and Deed of Trust must be read together in evaluating the terms…thus, the Note and Deed of Trust are construed together as a single instrument.

*Eskridge v. Fed. Home Loan Mortgage Corp. et al.*, No. W-10-CA-285, 2011 WL2163989, at *5

---

[1] Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note. *See Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *3 (W.D. Tex. Apr. 26, 2011); *Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-GBD, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June. 22, 2011); *Dillard v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0091-N, slip op. at 4 n.1 (N.D. Tex. Apr. 16, 2010), *appeal dismissed*, No. 11-10069 (5th Cir. Apr. 21, 2011); *Sawyer v. Mortg. Elec. Registration Sys.,* No. 3-09-cv-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010); *Athey v. Mortg. Elec. Registration Sys.*, 314 S.W.3d 161, 165-66 (Tex. App.–Eastland 2010, pet. denied); Tex. Prop. Code § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note);
*Edwards v. Ocwen Loan Servicing, LLC*, Civil Action No. 9:10cv89, 2012 WL 844396, at *5 (E.D. Tex. Mar. 12, 2012).

(W.D. Tex. Feb. 24, 2011).

The Texas Property Code authorizes a mortgage servicer to service a mortgage and pursue foreclosure if certain conditions are met. *See* Tex. Prop. Code § 51.0025. Plaintiffs have not produced any summary judgment evidence that creates a material fact issue that the assignment of the Deed of Trust was fraudulently created.[2]

Defendants' uncontroverted summary judgment evidence establishes that U.S. Bank is the owner and holder of the original Note. Since the sole basis for Plaintiffs' claims, that Defendants are not the owner and holder, fails as a matter of law, Plaintiffs' claims for common law fraud, fraud by nondisclosure, declaratory judgment, intentional infliction of emotion distress, defamation, TDCA, fraudulent lien, permanent injunctive relief, breach of contract, exemplary, treble damages, and attorneys' fees also fail as a matter of law, and summary judgment is proper.

**Money Had and Received**

To prove a claim for money had and received, "a plaintiff must show that a defendant holds money which in equity and good conscience belongs to him." *Edwards v. Mid–Continent Office Distribs., L.P.*, 252 S.W.3d 833, 837 (Tex. App.--Dallas 2008) (citing *Best Buy Co. v. Barrera*, 248 S.W.3d 160, 162–63 (Tex. 2007)).

Defendants assert that when an express or implied-in-fact contract covers the subject matter of the parties' dispute, there can be no recovery under a theory of unjust enrichment and that parties are bound by their express agreements, and recovery under an equitable theory is inconsistent with

---

[2] However, since the Deed of Trust follows the Note, the assignment of the Deed of Trust is not necessary in order for Defendants to enforce the Note.

the express agreement.

The Court agrees. There is a contract between the parties, and the Court has already rejected Plaintiffs' allegation that Wells Fargo did not have a right to receive Plaintiffs' money under the Note.

**MHA, HAMP and FIRREA Claims**

Defendants move for summary judgment on these claims asserting that there is no private right of action under MHA, HAMP, or FIRREA. Plaintiffs' Response fails to address their claims. This Court has already ruled that a borrower has no private right of action under MHA or HAMP. *Pardy v. Chase Home Fin., L.L.C.* No. 4:10–CV–684, 2012 WL 488708, at *4 (E.D. Tex. Jan. 23, 2012); *Daniels v. JPMorgan Chase, N.A.*, No. 4:11–CV–616, 2011 WL 7040036, at *2 (E.D. Tex. Dec. 14, 2011); *Mortberg v. Litton Loan Servicing, L.P.*, No. 4:10–CV–668, 2011 WL 4431946, at *5 (E.D. Tex. Aug. 30, 2011); *see also Cruz v. CitiMortgage, Inc.*, Civil Action No. 3:11–CV–2871–L, 2012 WL 1836095, at *6 (N.D. Tex. May 21, 2012); *Alsobrook v. GMAC Mortg., LLC*, Civil Action No. 3:11–CV–00603–M, 2012 WL 1643220, at *6 (N.D. Tex. April 13, 2012).

Defendants also assert that Plaintiffs are not the intended class of beneficiaries under FIRREA, and thus cannot bring a private cause of action. The Court agrees. Plaintiffs fail to point out any provision of FIRREA that was intended to benefit a defaulting borrower who seeks to stop foreclosure. Therefore, Defendants are entitled to summary judgment on these claims.

**U.S. Bank's Breach of Contract Claim**

In order to establish a claim for breach of contract, a plaintiff must establish: (1) the existence

of a valid, enforceable contract; (2) they performed or tendered performance; (3) defendant breached the contract; and (4) defendant's breach caused plaintiffs' damages. *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

Pursuant to the Note and Deed of Trust executed by Plaintiffs, failure to make timely payments constitutes a breach. Plaintiffs have failed, and continue to fail, to pay the amounts due under the Note. Such conduct constitutes a breach of the Note and Deed of Trust. As a result of this breach, U.S. Bank has suffered damages in the amount of $164,376.43, which includes principal in the amount of $126,727.47, unpaid interest in the amount of $21,924.47, late fees and recording fees in the amount of $1,176.27, escrow advances in the amount of $10,756.77, foreclosure fees in the amount of $3,791.45, and interest accruing each day in the amount of $28.64.

Plaintiffs present no summary judgment that contradicts that they are in default. Per the terms of the Note and Deed of Trust, the Plaintiffs are liable for the aforementioned amounts. Plaintiffs' failure to pay the same constitutes a breach of the Note and Deed of Trust. Summary judgment against the Plaintiffs should be granted.

**U.S. Bank's Request for Attorneys' Fees**

U.S. Bank asserts that it is entitled to recover its attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 as well as pursuant to the terms of the Note and Deed of Trust. The Court agrees. U.S. Bank's cause of action falls within § 38.001, which establishes that an attorney's fee award is appropriate for claims brought for rendered services on a sworn account or on a contract. As established by the affidavit of Richard A. Illmer, $40,559.00 is a reasonable amount of fees in

view of the amount in controversy and the nature of the lawsuit. Therefore, U.S. Bank is entitled to recover the $42,310.08 it has expended in pursuing its claims against the Plaintiffs.

It is therefore ORDERED that Wells Fargo Bank, N.A. and U.S. Bank National Association, as Trustee for Credit Suisse First Boston MBS Heat 2004-1's First Amended Motion for Summary Judgment (Dkt. #76) is hereby GRANTED and Plaintiffs' case is hereby DISMISSED with prejudice.

It is further ORDERED that Defendant U.S. Bank National Association is entitled to summary judgment on its breach of contract claim against Plaintiffs.

It is further ORDERED that Defendant U.S. Bank National Association be awarded its reasonable attorneys' fees in the amount of $42,310.08 and costs of court, and pre and post judgment interest at the maximum permissible rate at law or in equity.

**SIGNED this 6th day of June, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE